

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public
Accounts
Austin, Texas

Opinion No. O-3806
Re: Witness Fees - state employees-
attached witnesses

Dear Sir:

Your request for opinion upon the following stated
questions:

"1. Will a State employee who is subpoenaed
in a felony case as an out of county witness, and
who travels in a State owned automobile, be en-
titled to receive 3¢ per mile as provided in the
bill:

"2. What fees, if any, will a witness be en-
titled to receive when attached and conveyed by
the sheriff of his home county to a foreign court
to serve as a witness in a felony case?"

has been received and carefully considered by this department.

House Bill No. 214, Acts of the Regular Session of the
47th Legislature, amends Article 1036, V.A.C.C.P., so that Sec-
tion 1 thereof reads as follows:

"Any witness who may have been subpoenaed,
or shall have been recognized or attached and
given bond for his appearance before any court,
or before any grand jury, out of the county of
his residence, to testify in a felony case, re-
gardless of disposition of said case, and who
appears in compliance with the obligations of
such recognizance or bond, shall be allowed
three (3) cents per mile going to and returning
from the court or grand jury, by the nearest
practical conveyance, and two ($2.00) dollars
per day for each day he may necessarily be ab-
sent from home as a witness in such case."

Prior to its amendment, Section 1 of Article 1036,
V.A.C.C.P., provided that such witness:

". . . shall be allowed his actual traveling
expenses, not exceeding 4 cents per mile going to

and returning from the court or grand jury, by
the nearest practical conveyance, and two dol-
lars per day for each day he may necessarily be
absent from home as a witness in such case."

We quote from opinion No. O-3224 of this department
as follows:

"You are respectfully advised that it is the
opinion of this department that such witnesses
would be entitled to three cents per mile going to
and returning from the court or grand jury by the
nearest practical conveyance. Whether they trav-
elled on a railway pass, with peace officers, in
state owned automobiles, or in their own automo-
biles would be immaterial.

"However, we wish to point out that State
employees cannot claim traveling expenses from the
State and also from the court in State cases. See
Subdivision 12(a) of Section 2 of the Departmental
Appropriation Bill, 47th Legislature of Texas,
which reads as follows:

"'a. No traveling expenses shall be claimed,
allowed, or paid unless incurred while traveling
on State business. Any State official or employee
entitled to traveling expenses out of State appro-
priations herein made, who is legally or officially
required to be present at the trial of any State
case, shall not claim traveling expenses from the
State and also from the Court wherein said case is
pending, If by oversight, duplicate claims are
filed for said traveling expenses and collected,
then said officers or employees shall reimburse and
refund to the State Treasurer an amount equal to
the respective amount collected under such witness
fees and mileage claim.'"

We quote from opinion No. O-1526 of this department
as follows:

"Under the case of Lay vs. State, supra, it
seems that the official character of the witness
makes no difference as to the per diem, where the
statutes do not specifically draw a line between
officers as witnesses and ordinary witnesses. Arti-
cle 1036, Code of Criminal Procedure, supra, the
present statute providing fees and mileage for out
of county witnesses does not make this distinction.

It has long been the departmental construction of the Comptroller's office that State Highway Patrolmen are entitled to mileage and the $2.00 per diem as out-of-county witnesses in a felony case in the court and before the grand jury investigating a felony. However, such highway patrolmen receiving mileage fees and $2.00 per diem from the court are not entitled to collect the mileage fees and the $2.00 per diem and also the traveling expenses allowed by the general appropriation bill. If the per diem and mileage under Article 1036 and the traveling expenses as allowed by the general appropriation bill are collected, then such highway patrolmen would be required to reimburse and refund to the State Treasurer an amount equal to the respective amount collected as such witness fee and mileage under Article 1036, supra; that is, Highway Patrolmen when subpoenaed as out-of-county witness before the court in a felony case or before the grand jury investigating a felony case cannot claim both the mileage fees and per diem as allowed by Article 1036, supra, and also the traveling expenses allowed by the General Appropriation Bill. We believe the Comptroller has correctly construed the law."

Article 481, V.A.C.C.P., reads as follows:

"If a witness summoned from without the county refuse to obey a subpoena, he shall be fined by the court or magistrate not exceeding five hundred dollars, which fine and judgment shall be final, unless set aside after due notice to show cause why it should not be final, which notice may immediately issue, requiring the defaulting witness to appear at once or at the next term of said court, in the discretion of the judge, to answer for such default. The court may cause to be issued at the same time an attachment for said witness, directed to the proper county, commanding the officer to whom said writ is directed to take said witness into custody and have him before said court at the time named in said writ; in which case such witness shall receive no fees, unless it appears to the court that such disobedience is excusable, when the witness may receive the same pay as if he had not been attached. Said find when made final and all costs thereon shall be collected as in other criminal cases. Said fine and judgment may be set aside in vacation or at the same or any subsequent term of the court for good cause shown,

after the witness testifies or has been discharged. The following words shall be written or printed on the face of such subpoena for out-county witnesses: 'A disobedience of this subpoena is punishable by fine not exceeding five hundred dollars, to be collected as fines and costs in other criminal cases.'"

A State employee may use a state owned automobile for "State business" and not for "personal business". Whether a State employee attends court as a witness on "State business" or "personal business" will depend upon the facts in each case. For example, an auditor from the Comptroller's office who testifies as to a shortage in the accounts of a tax collector in a suit brought by the State to recover on the official bond of the tax collector would clearly be on "State business"; however, if the same auditor saw a murder committed and was summoned as a witness his attendance in court as a witness in the murder case would be "personal business" and not "State business". Such auditor would be authorized to use a State automobile on the collection suit against the tax collector and his surety, but would not be authorized to use the State automobile on the murder case.

We assume from your first question that the State employee using a State owned automobile was on "State business" If this be true he would be entitled to the traveling expenses set out in the General Appropriation Bill and would not be entitled to any witness fees or mileage from the State. If both were collected he would have to refund to the State the witness and mileage fees.

We assume from your second question that the witness had disobeyed a subpoena and was attached and placed in the legal custody of the sheriff. If it appeared to the court that such disobedience was excusable the witness would be entitled to his per diem and mileage fees. If the court found that the disobedience to the subpoena was not excusable the witness would not be entitled to any fees. It is our further opinion that a witness who has been recognized or attached and given bond for his appearance before any court or before any grand jury, out of the county of his residence, to testify in a felony case, and who appeared in compliance with the obligations of such recognizance or bond, would be entitled to the mileage and per diem set out in the statute.

APPROVED AUG 21, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE
BY: GWB, CHAIRMAN
WJF:GO:wb

Very truly yours
ATTORNEY GENERAL OF TEXAS
By/s/ Wm. J. Fanning
Wm. J. Fanning, Assistant